Dear Mr. Lyons:
On behalf of Waterworks District No. 2 (Cankton) of St. Landry Parish [the "District"], you have requested an opinion of this office regarding the legality of making retroactive per diem payments to the District's Commissioners and a retroactive payment to the District's secretary representing her salary.
According to your correspondence, the District was established by the St. Landry Parish Police Jury on August 14, 1989. Pursuant to the ordinance which created the District, the District's commissioners are to be paid a per diem of sixty dollars for attendance at meetings. However, the District has not been generating any income (although it will shortly be doing so) and therefore the commissioners have not been receiving their per diem payments. Additionally, the commissioners have had a secretary performing secretarial services on behalf of the District, but due to the District's lack of funds, the secretary has not been paid either. Specifically, you are interested in determining whether the commissioners can be retroactively paid the per diem for attendance at meetings which have occurred since the formation of the District, and whether the District's secretary be paid for work she has performed since the District's formation.
Your request must be addressed in light of LSA-Const. Art. VII, Sec. 14 (A), which pertinently provides:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This office has written a number of opinions pertaining to employee compensation and has consistently opined that the payment of gratuitous unearned payments to public employees are prohibited, as same are tantamount to donations. See: Atty. Gen. Ops. Nos. 92-295, 92-282, 89-190, 88-344, 86-639, 83-940A, 81-1329 and 80-806. We note that various attempts to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the listed opinions were found to be constitutionally infirm.
However, this office does not consider Art. VII, Sec. 14 to prohibit the retroactive payment of earned compensation, or the retroactive payment of per diem amounts for meetings actually attended, unless the payment of the compensation or the per diem payments are otherwise specifically prohibited by law. In accord: Atty. Gen. Ops. No. 95-323, 95-165-A, 94-241, 78-1526. In our opinion, whether a payment of money is a donation or earned compensation is a factual determination. We find support for this position in State v. Davis, 539 So.2d 803 (La.App. 3rd Cir. 1989), Writ Denied. Therein, the Court held:
 "We are presented with a factual determination: were the two payments . . . which defendant paid to himself extra compensation for past services rendered . . . or . . . salaries for services rendered but for which no salary was drawn when the services were rendered?"
Essentially, in accordance with the above cited opinions and theDavis case, the test for determining the constitutionality of a particular payment to a public officer or employee is whether the payment is made out of a motive of beneficence solely to enrich the officer or employee, or whether the payment is deserved and made as recompense for valuable service rendered, for which the officer or employee was not adequately paid. Atty. Gen. Op. No. 95-323.
In accordance with the test articulated herein, it is the opinion of this office that the commissioners can be paid the per diem set forth in the ordinance creating the District for each meeting actually attended from the date of the District's creation through the present. It is also our opinion that the District's secretary can be paid for her services for the same period. Such payments would appear to be earned compensation for services previously rendered, but for which the parties were not previously paid. Davis, supra.
In reaching our determination herein, we have assumed that there existed an expectation that both the Commissioners and the District secretary would be recompensed for their services by the District at such time as the District had the funds to make those payments. If payment is made to any party who did not actually expect payment if and when the District was able to pay, such payment would be tantamount to a disguised donation.
We trust the foregoing to be of assistance. Please do not hesitate to contact us with other questions of law.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv